J-S09030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| COSIL LOUIS CHILDS | |
| Appellant | No. 2609 EDA 2016 |

Appeal from the PCRA Order entered July 21, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0005497-2012

BEFORE:  SHOGAN, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 24, 2017**

Appellant, Cosil Louis Childs, appeals from the July 21, 2016 order entered in the Court of Common Pleas of Delaware County, denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Following review, we affirm.

From the record we glean the following factual and procedural background.  Appellant was charged with criminal attempt to acquire or obtain possession of a controlled substance by misrepresentation (Oxycodone), an ungraded felony.[1]  Testimony at his jury trial revealed that when Appellant attempted to have a prescription for Oxycodone filled, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 63 P.S. § 390-8(13); 35 P.S. § 780-113(a)(12).

pharmacist became suspicious and contacted the ordering physician who denied writing the order. Appellant testified that the prescription was legitimate.

On April 17, 2013, the jury convicted Appellant. The trial court sentenced him to a term of five to ten years in a state correctional institution. He did not file a direct appeal but filed a timely PCRA petition seeking reinstatement of his direct appeal rights. Appellant's rights were reinstated and he asked this Court to set aside his judgment of sentence, claiming the trial court should have granted a mistrial after the prosecutor referred to Appellant as a "liar" during closing argument. We affirmed his judgment of sentence and granted his counsel's application to withdraw, finding the mistrial issue waived for defense counsel's failure to lodge an objection. ***Commonwealth v. Childs***, 1136 EDA 2014, unpublished memorandum (Super. Ct. filed February 19, 2015).

On July 13, 2015, Appellant filed the instant PCRA petition. Appointed counsel filed an amended petition. Following a hearing, the PCRA court denied the petition by order entered July 21, 2016. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

In his appeal, Appellant asks us to consider one issue:

Was the [PCRA] court in error for dismissing [Appellant's] petition for post conviction relief averring that trial counsel was ineffective for failing to object to remarks of the assistant district attorney during her closing argument wherein she repeatedly called [Appellant] a liar?

Appellant's Brief at 4.

In ***Commonwealth v. Medina***, 92 A.3d 1210 (Pa. Super. 2014) (*en banc*), this Court reiterated:

> "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Koehler***, 614 Pa. 159, 36 A.3d 121, 131 (2012) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." ***Commonwealth v. Spotz***, 610 Pa. 17, 18 A.3d 244, 259 (2011) (citation omitted). "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." ***Id.***

***Id.*** at 1214-15. Further,

> "Counsel is presumed effective, and appellant bears the burden of proving otherwise." ***Commonwealth v. Steele***, 599 Pa. 341, 961 A.2d 786, 796 (2008). The ***Pierce***[2] test requires appellant to prove, with respect to counsel's performance, that: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error." [***Commonwealth v. Lesko***, 15 A.3d 345, 373–74 (Pa. 2011)] (citing ***Pierce***, at 975). Failure to prove any prong of this test will defeat an ineffectiveness claim. ***Commonwealth v. Basemore***, 560 Pa. 258, 744 A.2d 717, 738 n. 23 (2000). Counsel cannot be deemed ineffective for failing to raise a meritless claim. ***Commonwealth v. Jones***, 590 Pa. 202, 912 A.2d 268, 278 (2006).

---

[2] ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).

***Commonwealth v. Philistin***, 53 A.3d 1, 10 (Pa. 2012) (footnote, brackets,

and additional citation omitted).

Appellant argues that the prosecutor's remarks during closing

argument constituted prosecutorial misconduct and that his trial counsel was

ineffective for failing to object. Appellant contends the following remarks

were improper:

> To believe the defendant's testimony, you must believe that everybody else who came in here was lying, everyone else, just not the defendant.
>
> I ask you, again, ladies and gentlemen, please do not reward the defendant for getting up on the stand and lying to [you], because that's what he did. He completely lied. He was jittery. He kept moving all over the place.
>
> Well, ladies and gentlemen, I submit to you the defendant is a liar. He lied to you and do not reward him for doing such.

Appellant's Brief at 10 (citing Notes of Testimony, 4/17/13, at 30-31).

The PCRA court aptly explained:

> Upon a claim of prosecutorial misconduct, the trial court must determine whether there was misconduct and, if so, determine what, if any prejudice result. ***Commonwealth v. Culver***, 51 A.3d 866, 871 (Pa. Super. 2012). The appellate court reviews that determination for an abuse of discretion. ***Id.*** "Our review of prosecutorial remarks and an allegation of prosecutorial misconduct requires us to evaluate whether a defendant received a fair trial, not a perfect trial." ***Commonwealth v. Judy***, 978 A.2d 1015, 1019 (Pa. Super. 2009) (citing ***Commonwealth v. Rios***, 721 A.2d 1049, 1054 (Pa. 1998)). The Pennsylvania Supreme Court has summarized the law concerning a prosecutor's closing arguments:
>
>> Generally, a prosecutor's arguments to the jury are not a basis for the granting of a new trial unless the *unavoidable*

> *effect* of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility towards the accused which would prevent them from properly weighing the evidence and rendering a true verdict.

> **Commonwealth v. Jones**, 546 Pa. 161, 199, 683 A.2d 1181, 1199 (1996) (emphasis added). In the present case, [Appellant's] claims concerning the closing arguments of the prosecution fall far short of this standard.

PCRA Court Opinion, 9/28/16, at 6-7.

We find no error in the PCRA court's conclusion. The crux of the trial was credibility. As the court explained, defense counsel challenged the credibility of the prosecution witnesses in his closing argument while contending Appellant testified "truthfully." *Id.* at 9 (citing N.T. 4/17/13, at 10).

> He argued that the pharmacist, Dr. Lawson, was "trying to embellish" his testimony when describing [Appellant] as "fidgety and nervous." (N.T. 4/17/14 p. 13). Further counsel argued that Dr. Schwab, a University of Pennsylvania Trauma Surgeon, testified falsely. He argued:

>> Well I would submit to you it's because he knew he was seeing my client on the side, as [Appellant] testified to, and he wanted that—he didn't want anyone to know that he was, in essence, double-dipping, because he has a lot to use [*sic*]. I will use a phrase that I've heard when I was younger, pigs get fat and hogs get slaughtered. And Dr. Schwab was trying not to be a hog.

> (N.T. 4/17/13 pp. 15-16)

>> . . . Isn't it more likely that as my client testified, he saw Dr. Schwab. He saw Dr. Schwab after hours. Dr. Schwab was getting money from him. And Dr. Schwab had a lot to lose. (p. 17).

> . . . So it's nice that he was a very good doctor, once. But now he's trying to get cash from my client and then does not want to own up to the fact of what he did.
>
> (N.T. 4/17/13 p. 18).

*Id.* at 10.

As our Supreme Court recognized in ***Commonwealth v. Chmiel***, 889 A.2d 501 (Pa. 2005),

> [T]he first prong of the ineffectiveness test is that the underlying claim has merit. ***Pierce****,* 527 A.2d 973. In the context of prosecutorial misconduct during closing arguments, Appellant must demonstrate that there is merit to the contention that trial counsel should have objected or requested a cautionary instruction due to the prosecutor's misconduct. Appellant can only do so if he can show that the prosecutor was, in fact, engaging in misconduct. Otherwise, there is no merit in the contention of trial counsel ineffectiveness.
>
> We find there is no basis for relief because there was nothing wrong with the prosecutor's remarks and counsel cannot be faulted for failing to pursue a meritless claim. In determining whether the prosecutor engaged in misconduct, we must keep in mind that comments made by a prosecutor must be examined within the context of defense counsel's conduct. It is well settled that the prosecutor may fairly respond to points made in the defense closing. Moreover, prosecutorial misconduct will not be found where comments were based on the evidence or proper inferences therefrom or were only oratorical flair.

*Id.* at 543-44 (citations and internal quotations omitted).

After reviewing ***Chmiel*** and other relevant case law discussing prosecutorial statements made during closing arguments, the PCRA court concluded:

> A prosecutor is allowed to respond to defense arguments with logical force and vigor. Here, the prosecutor's comments represented fair response to [Appellant's] contentions. The

> defense in the case *sub judice* was based upon the theory that he was telling the truth and all of the other witnesses at trial were lying. Therefore, the prosecutor's comments represented a fair response to [Appellant's] arguments.

PCRA Court Opinion, 9/28/16, at 13 (citation omitted). Further, the trial judge, who was also the PCRA court judge, reminded the jurors that counsels' arguments were not evidence and inferences drawn by counsel were not binding on the jury. ***Id.***

We find the PCRA court's findings are supported by the record. Further, we find no error in the court's legal conclusion that Appellant's claim lacks arguable merit. Just as our Supreme Court determined in ***Chmiel***, we find here that "there is no basis for relief because there was nothing wrong with the prosecutor's remarks and counsel cannot be faulted for failing to pursue a meritless claim." ***Chmiel***, 889 A.2d at 533.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/24/2017

- 7 -